An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF WELLS,
Appellant,
vs.
LINDAJO COMBRINK,
Respondent.

No. 59007

**FILED**

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malan
DEPUTY CLERK

## ORDER TREATING FAILURE TO COMPLY WITH PREVIOUS ORDER AS CONFESSION OF ERROR AND REVERSING AND REMANDING

This is an appeal from a district court order denying a motion for attorney fees. Appellant filed its opening brief and appendix on December 6, 2011. After respondent failed to timely file her answering brief, this court issued a notice on September 19, 2012, directing respondent's counsel, Diana J. Hillewaert, to file and serve the overdue brief by October 4, 2012, or face sanctions. No answering brief was filed, and on March 1, 2013, this court issued an order imposing conditional sanctions of $500 on Ms. Hillewaert, but providing that the sanction would be automatically vacated if Ms. Hillewaert filed and served the answering brief by March 12, 2013. Ms. Hillewaert was advised that failure to comply with the March 1, 2013, order would result in further sanctions, including treating the failure as a confession of error with a disposition rendered accordingly.

No answering brief has been filed and Ms. Hillewaert has not paid the required sanction to the Supreme Court Law Library. Accordingly, we treat respondent's failure to file her answering brief as a confession of error and we reverse the district court order denying appellant's motion for attorney fees and we remand this matter to the

13-10876

district court with instructions to enter an order awarding attorney fees in the underlying district court action in appellant's favor as well as any attorney fees and costs incurred in this appeal. NRAP 31(d); State of Rhode Island v. Prins, 96 Nev. 565, 566, 613 P.2d 408, 409 (1980) (explaining that this court may treat a respondent's failure to file an answering brief as a confession of error).

Additionally, the $500 sanction imposed by our March 1, 2013, order remains in effect. Ms. Hillewaert shall have 11 days from the date of this order to pay the sanction and provide this court with proof of such payment. Failure to comply with this order will result in further sanctions, including Ms. Hillewaert's referral to the State Bar of Nevada.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Fourth Judicial District Court, Dept. 1
Carolyn Worrell, Settlement Judge
Goicoechea, Di Grazia, Coyle & Stanton, Ltd.
Hillewaert Law Firm
Supreme Court Law Library
Elko County Clerk

